**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

BONNIE W. DAVID
MAGISTRATE IN CHANCERY

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DE 19947

April 10, 2024

Dean A. Campbell, Esquire
Law Office of Dean A. Campbell, P.A.
703 Chestnut Street
Milton, Delaware 19968

David Carl Zerbato, Esquire
Morton, Valihura & Zerbato LLC
17527 Nassau Commons Boulevard
Suite 107
Lewes, Delaware 19958

RE: *Donald E. Polk, Jr. v. Dennis R. Stewart, et al.*,
C.A. No. 2021-1074-BWD

Dear Counsel:

As you know, on April 8, 2024, this action, which was previously assigned to Vice Chancellor Glasscock, was reassigned to me. *See* Dkt. 45. Since then, I have closely reviewed Defendants' Motion for Summary Judgment (the "Motion"), the parties' briefing, exhibits, and supplemental submissions in connection with the Motion, and the transcript of the oral argument during which the Court took the Motion under advisement. *See* Dkts. 33-34, 37, 39-42. For reasons explained below, the Motion is denied.

As alleged in his Complaint for Specific Performance (the "Complaint"), the plaintiff in this action, Donald E. Polk, Jr. ("Plaintiff"), entered into an installment contract with defendants Dennis R. Stewart and Joyce A. Stewart ("Defendants") to

purchase property in Long Neck, Delaware (the "Property") for $303,000. Compl. For Specific Performance [hereinafter, "Compl."] ¶ 3, Dkt. 1. The contract required Plaintiff to pay monthly installments over a five-year period and then to pay the balance of the purchase price by June 30, 2020. *Id*. ¶¶ 3-4. The parties later extended the contract term until December 31, 2020. *Id*. ¶ 6. Plaintiff asserts that he made arrangements with his sister, Donna, to obtain financing but Defendants repudiated the contract and refused to sell the Property to Plaintiff. *Id*. ¶¶ 6-8. The Complaint seeks an order compelling specific performance of the contract. *Id*. ¶¶ 14-21.

In response to the Complaint, Defendants have asserted counterclaims for breach of contract and unjust enrichment. *See* Dkt. 21. If the Motion is granted, the counterclaims nevertheless will proceed to a trial, which is currently scheduled for July 9 and 10, 2024. Dkt. 44.

"[T]here is no absolute right to summary judgment, and it is within the discretion of the presiding judicial officer to require a developed record before rendering a decision on the merits." *Gerald N. & Myrna M. Smernoff Rev. Trs. v. King's Grant Condo. Assn.*, 2022 WL 6331860, at *1 (Del. Ch. Oct. 10, 2022) (footnote omitted). "Even where the facts are not in dispute, a court may decline to grant summary judgment where a more thorough exploration of the facts is needed to properly apply the law to the circumstances." *In re Tri-Star Pictures, Inc., Litig.*,

1995 WL 106520, at *5 (Del. Ch. Mar. 9, 1995); *see also In re El Paso Pipeline P'rs, L.P. Deriv. Litig.*, 2014 WL 2768782, at *9 (Del. Ch. June 12, 2014) ("[T]he court may, in its discretion, deny summary judgment if it decides upon a preliminary examination of the facts presented that it is desirable to inquire into and develop the facts more thoroughly at trial in order to clarify the law or its application.").

In support of the Motion, Defendants argue, among other things, that "Plaintiff was neither ready nor able to purchase the Property" in December 2020 and is still "unable to purchase the Property[]" today. Defs.' Br. In Supp. Of Defs.' Mot. For Summ. J. [hereinafter, "OB"] at 15, Dkt. 34. Plaintiff, on the other hand, says the evidence at trial will show that but for Defendants' repudiation of the contract, Plaintiff would have been ready and able to perform, and remains so today. Pl.'s Ans. Br. To Def.'s Mot. For Summ. J. [hereinafter, "AB"] at 5-7, Dkt. 37. Defendants also contend that the equities weigh against an order of specific performance because Plaintiff has engaged in "inequitable, . . . disingenuous, vindictive and malicious" conduct. OB at 20. Plaintiff responds that "without a complete factual record, the Court cannot engage in a balance of the equities." AB at 10-11.

After careful review of the parties' submissions, I have concluded that the Motion implicates fact questions that will be resolved most efficiently after trial,

which, regardless of the outcome of the Motion, is necessary to resolve Defendants'

counterclaims. The Motion is, therefore, denied. I will consider the arguments

raised in connection with the Motion when rendering my post-trial final report.

This is a final report pursuant to Court of Chancery Rule 144. In the interest

of judicial and litigant economy, exceptions are stayed pending final resolution of

this matter after trial.

Sincerely,

*/s/ Bonnie W. David*

Bonnie W. David
Magistrate in Chancery

cc:     All counsel of record (by File & ServeXpress)